UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CLYDE PURNELL,

                            Plaintiff,

                                                DECISION AND ORDER

                                                  10-CV-6358L

              v.

NURSE ADMINISTRATOR GRIEG,
NURSE PRACTITIONER CORNWALL,
NURSE HAGER,
NURSE SPIKE,
NURSE DONLIN,
NURSE SANDERS,

                            Defendants.

_____

Plaintiff, Clyde Purnell, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that his constitutional rights were violated in certain respects in 2010, while plaintiff was confined at Groveland Correctional Facility. Defendants, all of whom at all relevant times were employed by DOCS at Groveland, have moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has also moved for leave to amend his complaint pursuant to Rule 15(a).

**DISCUSSION**

**I. Motions to Dismiss:  General Standards**

On a motion to dismiss under Rule 12(b)(6), the court's task is to determine whether, "accept[ing] the allegations contained in the complaint as true, and draw[ing] all reasonable

inferences in favor of the non-movant," the plaintiff has stated a facially valid claim. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). In making that determination, the court must keep in mind that "a plaintiff's obligation ... requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009). Thus, where a plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

"[T]his plausibility standard governs claims brought even by *pro se* litigants." *Nevarez v. Hunt*, 770 F.Supp.2d 565, 567 (W.D.N.Y. 2011) (internal quotes and citations omitted). At the same time, however, the Court is mindful that even after *Twombly*, a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin*, 521 F.3d at 214. Nevertheless, all pleadings, *pro se* or otherwise, must contain enough factual allegations to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89 (2007)) (additional internal quotes omitted).

## II. Application to this Case

Applying these standards here, I conclude that plaintiff's claims must be dismissed. He alleges that he suffered from some medical or physical impairment or injury, which apparently made it difficult or painful for him to walk, and that defendants "put[ him] in the very last room on the left," which caused plaintiff to have to walk farther than he would have liked, had him "walk around a room of wheel chairs, that caused [him] to have an accident falling against the wall and to the hard floor," failed to give him adequate or speedy medical treatment, and falsely accused him of being a "faker." Dkt. #9.

Plaintiff's claims, then, arise under the Eighth Amendment to the United States Constitution. To state such a claim, plaintiff must allege facts showing both that he suffered from a "serious medical need," *i.e.*, " 'a condition of urgency' that may result in 'degeneration' or 'extreme pain,'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir.1994)), that the defendants both knew of and disregarded that serious need, *Johnson v. Wright*, 412 F.3d 398, 403 (2d Cir. 2005), and that in doing so, the defendant had a culpable state of mind and intended wantonly to inflict suffering. *Wilson v. Seiter*, 501 U.S. 294, 299 (1991).

Plaintiff's allegations do not satisfy those standards. For purposes of Eighth Amendment claims, the Supreme Court has drawn a "distinction between mere negligence and wanton conduct ... ." *Whitley v. Albers*, 475 U.S. 312, 322 (1986); *see also Farmer v. Brennan*, 511 U.S. 825, 835 (1994) ("Eighth Amendment liability requires more than ordinary lack of due care for the prisoner's interests or safety") (internal quotes omitted). At most, plaintiff's allegations show only that defendants acted negligently; they do not indicate that defendants were both aware of any serious medical need on plaintiff's part, and that they disregarded that need, with the intent of causing plaintiff to suffer pain unnecessarily. Plaintiff's claims are therefore dismissed. *See Graham v. Poole*, 476 F.Supp.2d 257, 259-60 (W.D.N.Y. 2007) (prisoner's allegations that he slipped and fell as he was leaving shower due to failure of prison employees to provide non-slip mats on the floor failed to state a claim under the Eighth Amendment).

## III. Plaintiff's Motion to Amend

Plaintiff has filed a motion for leave to amend his complaint. He has not submitted a proposed amended complaint, but his papers in support of the motion indicate that he seeks to allege additional facts showing that defendants ignored or refused his requests for a wheechair or cane.

The facts that plaintiff seeks to allege, however, would not state a facially valid Eighth Amendment claim. He states that defendants insisted that he had "no need" for the medication or medical devices that he had requested, but plaintiff's allegations do not show that defendants acted

with the requisite state of mind to state a claim under the Eighth Amendment.  Plaintiff's motion to amend is therefore denied as futile.  *See Joblove v. Barr Labs. Inc.*, 466 F.3d 187, 220 (2d Cir. 2006); *Foster v. Humane Society of Rochester and Monroe County, Inc.*, 724 F.Supp.2d 382, 397 (W.D.N.Y. 2010).

### CONCLUSION

Defendants' motion to dismiss the complaint (Dkt. #12) is granted, and the complaint is dismissed.

Plaintiff's motion for leave to amend the complaint (Dkt. #15) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       September 14, 2011.